Case No. 19-13269-HH
(Consolidated with 18-14808-HH)

IN THE
UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

**GARY BORDERS, individually and in his official capacity as the
Sheriff of Lake County, Florida, and JENNIFER FERGUSON,**

Appellants,

vs.

**JACQUELYN JOHNSTON,**

Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Case No.: 6:15-CV-00936-PGB-DCI

# APPELLANTS'/CROSS-APPELLEES' REPLY BRIEF
# AND ANSWER BRIEF ON CROSS-APPEAL

**BRIAN KOJI**
Fla. Bar No. 0116297
bkoji@anblaw.com

**ALLEN, NORTON & BLUE, P.A.**
324 S. Hyde Park Ave., Suite 225
Tampa, FL 33606
Telephone: (813) 251-1210
Facsimile: (813) 253-2006

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Appellants, GARY BORDERS, individually and in his official capacity as the Sheriff of Lake County, Florida, and JENNIFER FERGUSON, by and through undersigned counsel and pursuant to Fed. R. App. P 26.1 and 11th Cir. R. 26.1-1, hereby certify that the following persons have an interest in the outcome of this case:

1.  Allen, Norton & Blue, P.A. – Counsel for Appellants/Defendants

2.  Angelena M. Root, P.A. – Counsel for Appellee/Plaintiff

3.  Borders, Gary S. – Appellant/Defendant

4.  Byron, Honorable Paul G. – District Court Judge

5.  Ferguson, Jennifer – Appellant/Defendant

6.  Florida Sheriff's Risk Management Fund – Self-Insurance Pool Administrator

7.  Gordon, Jason – Counsel for Appellee/Plaintiff

8.  Grinnell, Peyton C., in his official capacity as the Sheriff of Lake County Florida – Appellant/Defendant

9.  Irick, Honorable Daniel – District Court Magistrate Judge

10. Johnston, Jacquelyn – Appellee/Plaintiff

11. Koji, Brian – Appellate Counsel for Appellants/Defendants

12. Levitt, Mark E. – Trial Counsel for Appellants/Defendants

13.    Root, Angelena M. – Counsel for Appellee/Plaintiff

14.    Sugerman, Marc A. – Trial Counsel for Appellants/Defendants

# TABLE OF CONTENTS

**Page**

**CERTIFICATE OF INTERESTED PERSONS AND CORPORATE**

**DISCLOSURE STATEMENT** ...........................................................1

**TABLE OF CITATIONS**............................................................... iii

**ARGUMENT**................................................................................1

I.     The District Court properly determined that Johnston's fee
award should be reduced to reflect her limited success, but
erred in not reducing the award by 58 to 67%. ....................................1

II.    The District Court properly reduced Johnston's fee award due
to block billing and due to excessive and unnecessary time................4

       A.     The District Court properly reduced the fee award due
to block billing. ...........................................................4

       B.     The reduction in Ms. Root's hours for duplicative work
and attendance at meetings was proper.......................................6

       C.     Reduction in fees due to travel time was appropriate.................7

       D.     The District Court was not required to review each time
entry when accessing the reasonableness. ...................................8

III.    Fees cannot be awarded against Ferguson based solely on the fact that the claim against her was intertwined with the claim against the Sheriff.....................................................................9

IV.    The District Court did not abuse its discretion by denying recovery of certain costs....................................................12

**CERTIFICATE OF COMPLIANCE WITH RULE 32(a)(7)(B) ......................16**

**CERTIFICATE OF SERVICE ........................................................17**

# TABLE OF CITATIONS

**Page**

**CASES**

*American Civil Liberties Union of Georgia v. Barnes,* 168 F.3d 423 (11th

    Cir. 1999)....................................................................................8, 12

*Andrews v. U.S.*, 122 F.3d 1367 (1997)....................................................1

*Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348 (11th Cir. 2008)..................2, 9

*Chapman v. AI Transport*, 229 F.3d 1012 (11th Cir. 2000) (en banc)....................12

*Club Madonna, Inc. v. City of Miami Beach*, 2015 WL 5559894 (S.D.

    Fla. Sept. 22, 2015)...................................................................9, 10

*Dial HD, Inc. v. ClearOne Communications*, 536 Fed. Appx. 927 (11th

    Cir. 2013).....................................................................................5

*Dick v. Citrus County*, *Fla.*, 2009 WL 413570 (M.D. Fla. Feb. 18, 2009)

    .....................................................................................................11

*Dowdell v. City of Apopka, Florida*, 698 F.2d 1181 (11th Cir. 1983)....................12

*Hensley v. Eckerhart*, 461 U.S. 424 (1983)...........................................2, 7

*Johnston v. Borders*, 724 Fed. Appx. 762 (11th Cir. 2018) ......................4

*Kentucky v. Graham*, 473 U.S. 159 (1985)................................................10

*Lee v. American Eagle Airlines, Inc.*, 93 F.Supp.2d 1322 (S.D.Fla.2000)

    .....................................................................................................14

*Loranger v. Stierheim*, 10 F.3d 776 (11th Cir.1994)..............................14

*Maner v. Linkan LLC*, 602 Fed. Appx. 489 (11th Cir. 2015)...................................12

*Martinez v. Hernando County Sheriff's Office*, 579 Fed. Appx. 710 (11th

    Cir. 2014) ..................................................................................................8

*Popham v. City of Kennesaw*, 820 F.2d 1570 (1987) ...........................................1, 3

*Resolution Trust Corp. v. Hallmark Builders, Inc.,* 996 F.2d 1144 (11th

    Cir.1993) ...................................................................................................2

*United Food Mart, Inc. v. Motiva Enterprises, LLC.*, 2006 WL 3068820

    (S.D. Fla. Feb. 8, 2006) ...............................................................................14

*United States v. Everglades Coll., Inc.*, 855 F.3d 1279 (11th Cir. 2017)..................3

## STATUTES

§ 119.071(4)(d)(2)(a), Fla. Stat...............................................................................13

42 U.S.C. § 1983 ................................................................................... passim

42 U.S.C. § 1985 ...................................................................................................2

42 U.S.C. § 1986 ...................................................................................................2

42 U.S.C. § 1988 .................................................................................................10

## RULES

Fed. R. App. P. 32(a)(5)........................................................................................16

Fed. R. App. P. 32(a)(6)........................................................................................16

Fed. R. App. P. 32(a)(7)(B) ..................................................................................16

Fed. R. App. P. 32(f).............................................................................................16

# ARGUMENT

## I. THE DISTRICT COURT PROPERLY DETERMINED THAT JOHNSTON'S FEE AWARD SHOULD BE REDUCED TO REFLECT HER LIMITED SUCCESS BUT ERRED IN NOT REDUCING THE AWARD BY 58 TO 67%.

In this case, the District Court awarded fees to Johnston in the amount of $275,526.75. (Doc. 267, p. 1). In calculating this amount, the Court reduced the lodestar by 25% to account for Johnston's limited success. In this appeal, Sheriff Borders, the Sheriff's Office, and Jennifer Ferguson contend that the District Court properly reduced the lodestar but contend the District Court abused its discretion by not reducing it further – by 58 to 67%. In her cross-appeal, Johnston contends that the District Court should not have reduced the lodestar to account for her limited success at all.

As set forth in detail in their initial brief, the Appellants contend that, although a strict mathematical formula is not required, the cases of *Andrews v. U.S.*, 122 F.3d 1367 (1997), and *Popham v. City of Kennesaw*, 820 F.2d 1570, 1580 (1987), nonetheless show that a substantial reduction of the fees sought is warranted where, as here, the plaintiff has achieved only modest success in comparison to the relief sought.

In contesting the propriety of any fee reduction due to her limited success, Johnston not only disputes that argument, but she claims that *Bivins v. Wrap It Up,*

*Inc.*, 548 F.3d 1348 (11th Cir. 2008), compels the conclusion that no reduction is appropriate. Johnston's reliance on *Bivins* for that proposition is misplaced.

First, *Bivins* does not stand for the proposition that a fee award cannot be reduced to account for limited success. To the contrary, the *Bivins* court specifically stated, "When the number of compensable hours and the hourly rate are reasonable, a downward adjustment to the lodestar is merited only if the prevailing party was partially successful in its efforts. *Id*. at 1350-51 (citing *Resolution Trust Corp. v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1150 (11th Cir.1993)). The Court further held that, "What constitutes partial success is determined on a case-by-case basis." *Bivins*, 548 F.3d at n.3 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434-36 (1983)).

Second, Johnston's premise that she prevailed on all of her claims is inaccurate. While she did prevail at trial on her claims, albeit to a limited extent, she certainly did not prevail on all of her claims in this case. Her claims in this case encompassed seven claims of defamation and alleged violations of 42 U.S.C. §§ 1985 and 1986 against each of the three Defendants (Sheriff Borders individually, Jennifer Ferguson individually, and the Sheriff's Office) as well as one additional due process claim against Sheriff Borders and the Sheriff's Office. Johnston lost on all of her defamation claims against Sheriff Borders and the Sheriff's Office, on her Section 1985 and 1986 claims, and on all her defamation claims against Ferguson except for her one. The fact that Johnston lost some of her claims prior to trial is not

dispositive, particularly where, as here, she lost the majority of her claims (7 of 8) against the Sheriff and the Sheriff's Office.

Moreover, Johnston is essentially asking this Court to ignore the amount of relief she sought in this case and award her a full amount of fees as if she achieved total success, when she clearly did not. Such an argument ignores this Court's precedent that "the relief a plaintiff requested is indeed relevant to determining the extent of that plaintiff's success." *Popham*, 820 F.2d at 1581.

No doubt recognizing that she only obtained less than 3% of the damages she sought in her due process claim, Johnston contends that she obtained a substantial non-monetary, public benefit. At the outset, it should be noted that the conferral of a non-monetary benefit, even a public benefit, does not foreclose a hefty reduction in fees due to partial success. *United States v. Everglades Coll., Inc.*, 855 F.3d 1279, 1293 (11th Cir. 2017) (Affirming 95% fee reduction due to limited success). In this case, it is notable that Johnston did not seek, and she was not awarded, any non-monetary relief.

She also argues that her success on the Section 1983 conferred a public benefit, claiming that "[c]onsequently, no municipality or governmental agency can claim in the future that it was unaware of its obligation to inform of the right to a name clearing hearing as this Court, as a result of Johnston's appeal, clarified in no uncertain terms the duty to inform an employee of this right." (Johnston's Answer

Brief and Cross-Appellant Brief, p. 17). Here again, Johnston overstates the relief she obtained. Her earlier appeal did not result in a decision announcing or clarifying a legal standard on some novel issue of law. Rather, in rejecting Sheriff Border's defense of qualified immunity, this Court specifically held in Johnston's earlier appeal that, "[s]everal of our published decisions gave Sheriff Borders 'fair warning' that his conduct was unconstitutional." *Johnston v. Borders*, 724 Fed. Appx. 762, 768 (11th Cir. 2018). As such, Johnston cannot now claim to have conferred a substantial benefit on the public by clarifying an allegedly murky legal standard for future employment actions.

As detailed in Appellants' initial brief, Johnston's fee award, although properly reduced by the District Court, should have been reduced by a much greater amount in recognition of the fact that she lost on the majority of her claims and only obtained less than 3% of the damages sought on her successful Section 1983 claim.

## II. THE DISTRICT COURT PROPERLY REDUCED JOHNSTON'S FEE AWARD DUE TO BLOCK BILLING AND DUE TO EXCESSIVE AND UNNECESSARY TIME.

### A. The District Court properly reduced the fee award due to block billing.

Johnston contends that the District Court erred by reducing Mr. Gordon's hours by 10% and Ms. Root's hours by 15% due to block billing. As support for this argument, Johnston points to nine entries out of more than 150 total entries and

argues that those entries show that the combined tasks were intertwined and therefore not appropriately deemed to be impermissible block billing.

Notwithstanding, this Court has held that an across-the-board reduction for block billing is appropriate where block billing made it difficult to ascertain how much time was spent on each task. *Dial HD, Inc. v. ClearOne Communications*, 536 Fed. Appx. 927, 931 (11th Cir. 2013) (upholding 25% across-the-board reduction).

Accordingly, even if some of Mr. Gordon's or Ms. Root's entries include related tasks, the District Court's reduction was nonetheless warranted because it remains impossible to determine how many hours were spent on each task. For instance, Johnston claims that Mr. Gordon's time entry on July 4, 2018 is not block billed because the 6.2 hours spent revising jury instructions and conducting legal research is "all related to jury instructions and burden of proof for claims." It is not clear from this time entry how much time was spent revising the jury instructions and how much time was spent researching the burden of proof, which is significant because while some amount of time spent researching the burdens of proof is necessary, it would be unreasonable if Mr. Gordon spent five hours researching burdens of proof that are clearly set forth in the standard jury instructions. As another example, Johnston claims that Mr. Gordon's time entry on September 27, 2018 is not block billed because the 4.5 hours spent interviewing Whitney Boylston and Melonie Hollis, revising the witness list, and drafting Ms. Boylston's direct

examination is "all related to witness testimony." Again, it is not clear how much time was spent performing each task, and it would be unreasonable if Mr. Gordon spent three of those hours revising the witness list.

Moreover, while Johnston points to nine examples of allegedly intertwined tasks that, in her view, do not constitute block billing, the record is replete with numerous entries that clearly show block billing on unrelated tasks. (Doc. 263, pp. 4-5) (itemizing examples).

Accordingly, the reductions for block billing were appropriate and should be upheld.

## B. The reduction in Ms. Root's hours for duplicative work and attendance at meetings was proper.

The District Court's 15% reduction to Ms. Root's hours was based on several reasons, including block billing, excessive time, and duplicative or unnecessary work. In addition to challenging the District Court's determination on block billing, Johnston also contests the Court's determination that the hours were excessive and duplicative. Johnston's challenge in that regard should be rejected as the District Court acted well within its discretion.

First, while time spent amongst attorneys discussing trial strategy may be compensable, such time must also be reasonable, which requires exercising billing judgment and excluding hours that are "excessive, redundant, or otherwise

unnecessary." *Hensley,* 461 U.S. at 434. In this case, spending 125 hours preparing Johnston for her trial testimony is inherently unreasonable, regardless of her emotional state. Furthermore, Johnston's explanation as to why both Ms. Root and Mr. Gordon needed to attend these meetings is unpersuasive. Mr. Gordon did not conduct Plaintiff's examination at trial, and, considering his late entry into the case, he could offer little benefit in preparing Johnston for trial that Ms. Root wasn't already capable of handling. The time spent in that endeavor, therefore, was not only excessive but also duplicative. The District Court did not err in factoring that into its decision to reduce Ms. Root's hours accordingly.

Similarly, while Johnston was certainly within her rights to retain Mr. Gordon shortly before trial, the District Court was not compelled to allow recovery of all the time spent by Ms. Root bringing Mr. Gordon up to speed with the progress of the case up to that time.

### C. Reduction in fees due to travel time was appropriate.

Johnston also takes issue with the District Court's reduction of 13 hours in fees related to travel time, which the Court rejected on the basis that local counsel was available. Under this Court's precedence, the reduction due to travel time did not constitute an abuse of discretion.

As this Court has noted, "although there are no precise rules with respect to travel time, a fee applicant seeking to recover expenses incurred for retaining non-

local counsel generally 'must show a lack of attorneys practicing in that place who are willing and able to handle his claims.'" *Martinez v. Hernando County Sheriff's Office*, 579 Fed. Appx. 710, 714 (11th Cir. 2014) (citing *American Civil Liberties Union of Georgia v. Barnes,* 168 F.3d 423, 437 (11th Cir. 1999)).

As in *Martinez*, in the present case, Johnston has presented no evidence showing a lack of local counsel willing and able to handle her due process case. She presented no evidence showing that she attempted to obtain other counsel or was unable to do so. As such, Johnston's argument in this regard should be rejected. *Id.* at 714 ("We respect Martinez's right to retain counsel of his choice, but, like the district court, we do not think it reasonable to pass the costs of [her attorney's] travel on to the Sheriff's Office without a showing of a lack of local counsel.").

### D.    The District Court was not required to review each time entry when accessing the reasonableness.

Johnston also claims that the District Court erred in applying an across-the-board reduction due to block billing, duplicative work, or other unnecessary or unreasonable fees. In that regard, for example, Johnston takes issue with the fact that the 25% across-the-board reduction for limited success should not be applied to Mr. Gordon's hours as he did not work on the unsuccessful claims. Likewise, Johnston claims that any time entries associated solely associated with her successful claims could not be reduced. Johnston's arguments in this respect are unavailing.

In *Bivins*, the Court rejected an identical argument, holding instead that a District Court has the discretion to apply an across-the-board reduction or to review each entry for reasonableness. 548 F.3d at 1350 ("When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut.").

## III. FEES CANNOT BE AWARDED AGAINST FERGUSON BASED SOLELY ON THE FACT THAT THE CLAIM AGAINST HER WAS INTERTWINED WITH THE CLAIM AGAINST THE SHERIFF.

The District Court's fee judgment awards fees against all Defendants – Sheriff Borders, in both his individual and official capacities, and Jennifer Ferguson. While the claims against Borders were brought under a fee-shifting statute (42 U.S.C. § 1983), the only claim against Ferguson (Florida common law defamation) was not. Without a statutory or other legal basis to award fees against Ferguson, the fee award against her should be vacated.

In her Answer, Johnston does not contest the lack of a statutory or other independent legal basis to issue a fee award against Ferguson. Rather, Johnston claims that the award against Johnston should nonetheless stand because the claim against her was intertwined with the Section 1983 claim against Sheriff Borders. For this proposition, Johnston cites *Club Madonna, Inc. v. City of Miami Beach*, 2015 WL 5559894 (S.D. Fla. Sept. 22, 2015).

Johnston's argument is without merit, and her reliance on *Club Madonna* is misplaced. In *Club Madonna*, the Court held that the City of Miami Beach was entitled to fees under Section 1988 for defending a pendent state law claim that arose out of the same operative facts as a Section 1983 claim. *Id*. at \*8. However, unlike the present case, *Club Madonna* involved a Section 1983 claim and pendent defamation claim *against the same party* (i.e., the City of Miami Beach). As a consequence, fees were only awarded against those Plaintiffs who were parties to the Section 1983 action. The Court merely held that the fee award against those plaintiffs should not be reduced based on the fact that they had also brought an unsuccessful defamation claim arising out of the same facts as their Section 1983 claim.

Here, in contrast, Ferguson was not a party to Johnston's Section 1983 claim. Johnston is seeking to extend the holding in *Club Madonna* to instances where a co-defendant is subjected to a fee award under Section 1988. Nothing in *Club Madonna* suggests that a fee award is proper against a litigant who was not a party to the Section 1983 claim. As the Supreme Court remarked in *Kentucky v. Graham*, 473 U.S. 159, 168 (1985), "[t]hat a plaintiff has prevailed against one party does not entitle him to fees from another party[.]" That same principle should apply where, as here, the Plaintiff has only prevailed in a fee-shifting claim against Borders.

Moreover, the claims against Ferguson and Borders do not arise from the same nucleus of operative fact. The defamation claim against Ferguson was predicated on an alleged non-public defamatory statement allegedly made by Ferguson to the Animal Shelter's volunteer coordinator about the reason animals were euthanized on October 9, 2014. In contrast, the liberty interest due process claim asserted that Johnston wasn't given a name-clearing hearing when the Sheriff and Sheriff's Office personnel (not including Ferguson) made false, stigmatizing statements about her discharge to the local media.

Proving Johnston's Section 1983 claim against Borders did not require submission of any evidence supporting the defamation claim against Ferguson and vice versa. Accordingly, it cannot be said that these claims arose from the same set of operative facts. *See e.g.*, *Dick v. Citrus County, Fla.*, 2009 WL 413570, * 9 (M.D. Fla. Feb. 18, 2009) (Finding two claims did not arise out of the same set of operative facts and noting, "In other words, the § 1983 claim can be proven without submitting any evidence of the alleged defamation, and, conversely, proof of the alleged defamation can be established without any evidence relating to the First Amendment claim.").

Accordingly, the fee judgment should be reversed as against Ferguson.

## IV. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION BY DENYING RECOVERY OF CERTAIN COSTS.

In her cross-appeal, Johnston contends that the District Court abused its discretion in denying her costs for the video deposition of Major Longo, for transcribing the video of a local media story, for making $231.75 in courtesy paper copies of case law, for making $851.63 in courtesy paper copies of deposition transcripts, for the filing fee associated with the earlier appeal, and for expenses associated with expedited service of witness subpoenas for trial. Contrary to Johnston's arguments, the District Court acted well within its discretion in denying these costs. *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc) (Applying abuse of discretion standard to District Court's determinations on costs).

A litigant may, under 42 U.S.C. § 1988, recover "all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case." *Dowdell v. City of Apopka, Florida*, 698 F.2d 1181, 1191-92 (11th Cir. 1983). "In determining the costs to be awarded, the district court may tax as costs all reasonable expenses incurred during the course of litigation, with the exception of routine office overhead." *Maner v. Linkan LLC*, 602 Fed. Appx. 489, 494 (11th Cir. 2015) (citing *Barnes,* 168 F.3d at 438–39).

The District Court properly determined that the cost associated with videotaping Major Long's deposition was not reasonably incurred in preparing this case for trial. Johnston claims that the cost to video the deposition was necessary because it was not clear to her if Longo was within the District Court's subpoena authority. The District Court properly rejected that reason. As argued to the District Court, Longo lived in Florida and within the Court's subpoena power and, critically, counsel for the Sheriff's Office repeatedly informed Johnston's counsel that Longo would be made available as a witness at trial. The fact that Florida law precluded the release of Longo's confidential home address (see § 119.071(4)(d)(2)(a), Fla. Stat.) did not, therefore, require that Johnston video the deposition or otherwise make the associated cost reasonably necessary.

Likewise, the District Court did not err in rejecting the cost associated with transcribing the WFTV media story. The transcription was not necessary for use at trial. The original video was listed as a trial exhibit and, as a professional media piece, was clear such that a transcript was not needed for the jury to understand and consider the evidence.

By the same token, the District Court also properly rejected Johnston's request for over a thousand dollars in costs associated with courtesy hard copies of case law and transcripts. These copies were made for the convenience of counsel and were not necessary for trial. Defense counsel already had copies, whether electronic or

paper, of the relevant transcripts and case law, and the Court did not request or direct Johnston to make hard copies for its convenience. Transcripts had already been ordered from the court reporter. Permitting recovery of these costs is redundant and unwarranted. Rather, such costs amount to typical overhead expenses.

Costs associated with rush service of subpoenas was also likewise unnecessary. Johnston could have served these individuals by proper service in advance but elected not to do so. Additionally, these individuals could have been served e-mail service. The District Court properly rejected the premiums paid for expedited service as unnecessary.

Lastly, the District Court properly rejected Johnston's request for reimbursement of the filing fee associated with her prior appeal as she did not support her request with documentation showing she actually incurred and paid the fee. *United Food Mart, Inc. v. Motiva Enterprises, LLC.*, 2006 WL 3068820, *6 (S.D. Fla. Feb. 8, 2006) ("The movant must not only show that the costs claimed are recoverable, but must also provide *sufficient detail and sufficient documentation* regarding those costs in order to permit challenges by opposing counsel and meaningful review by the Court.") (emphasis in original) (citing *Lee v. American Eagle Airlines, Inc.*, 93 F.Supp.2d 1322, 1335 (S.D.Fla.2000) and *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir.1994)).

Accordingly, the District Court's order rejecting these costs as unnecessary was properly within the Court's discretion and should be upheld.

WHEREFORE, for the foregoing reasons, the Appellants respectfully contend that the fee judgment against them should be vacated and reduced accordingly and the cost judgment should be affirmed.

Respectfully submitted,

s/ BRIAN KOJI
Brian Koji
Florida Bar No. 0116297
bkoji@anblaw.com

**ALLEN, NORTON & BLUE, P.A.**
324 South Hyde Park Ave., Ste. 225
Tampa, Florida 33606
Ph: (813) 251-1210
Fax: (813) 253-2006

# CERTIFICATE OF COMPLIANCE
# WITH RULE 32(a)(7)(B)

This brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) because this brief contains 3348 words excluding the parts of the brief exempted by Fed. R. App. P. 32(f). Furthermore, this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2018 (Microsoft Office 360 Pro Plus) in 14-point, Times New Roman font.

s/ Brian Koji
Attorney

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 20, 2020, I electronically filed the foregoing with the Eleventh Circuit Court of Appeals using the CM/ECF filing system, which will service a true and correct copy by electronic notice to the following counsel of record:

Angelena Root, Esq.
1931 Cordova Road, Ste. 303
Fort Lauderdale, FL 33316
amrootesq@gmail.com

Jason Gordon, Esq.
Law Offices of Jason Gordon, PA
3440 Hollywood Blvd., Ste. 415
Hollywood, Florida 33021
jg@jgordonlegal.com

*s/ Brian Koji*
Attorney